UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22204-Civ-WILLIAMS/TORRES

EARLENE G. BARKSDALE-STARKES,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,
JOSEPH FARCUS, JOSEPH FARCUS
ARCHITECT, P.A., and JOSEPH
FARCUS DESIGNS, INC.,

    Defendants.
_____/

**REPORT & RECOMMENDATION ON DEFENDANTS'
<u>MOTION TO DISMISS</u>**

This matter is before the Court on Carnival Corporation's d/b/a Carnival Cruise Lines ("Carnival"), Joseph Farcus', Joseph Farcus Architect, P.A.'s, and Joseph Farcus Designs, Inc.'s (collectively, "Farcus" and with Carnival, "Defendants") motion to dismiss [D.E. 14] Earlene G. Barksdale-Starkes' ("Plaintiff") complaint [D.E. 1]. Plaintiff responded to the motion on August 21, 2020 [D.E. 19] to which Defendants replied on September 4, 2020 [D.E. 23]. The Honorable Judge Kathleen M. Williams referred the motion to the Undersigned Judge on September 8, 2020. [D.E. 25]. The matter is now fully briefed and ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons

discussed below, Defendants' motion to dismiss should be **GRANTED in part** and **DENIED in part**.

## I.   FACTUAL BACKGROUND

On January 4, 2019, Plaintiff slipped and fell on a wet substance while walking on the Promenade deck of the *Carnival Magic*, a cruise ship operated by Carnival. Plaintiff was using a walkway to go to the Spotlight Lounge at the time of the accident. Plaintiff alleges the walkway was heavily trafficked, made of shiny polished granite and/or marble that was slippery, and a had a slight incline near the entrance of the Spotlight Lounge. Immediately adjacent to the Spotlight Lounge was a bar that allowed guests to leave with their drinks and congregate with the drinks on the walkway.

On May 27, 2020, Plaintiff initiated this five-count action against Defendants, which seeks to hold Defendants liable for negligence (Counts I, III, IV, and V) and Carnival vicariously liabile for Farcus' alleged negligent design of the *Carnival Magic* (Count II). Specifically, Plaintiff alleges that Carnival was negligent in failing to keep the walkway clean of spills and failing to warn Plaintiff of the inclined walkway and the heightened risk of slipping on polished granite and/or marble flooring. Plaintiff also alleges that Carnival negligently participated in and approved the use of slippery flooring materials on the *Carnival Magic*. With respect to Farcus, Plaintiff claims that they personally oversaw the construction and design of the *Carnival Magic*, including negligently designing the walkway where she fell.

## II. LEGAL STANDARD

In ruling on a defendant's motion to dismiss, a court takes the allegations in the complaint as true and construes the allegations "in the light most favorable to the plaintiff[ ]." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citing *Hoffman–Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, all facts set forth in [a plaintiff's] complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (alteration in original). Factual content gives a claim facial

3

plausibility. *Id.* "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [a plaintiff]." *Peterson v. Atl. Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III. ANALYSIS

Defendants move to dismiss the claims against Farcus for Plaintiff's failure, pursuant to a Carnival cruise ticket contract, to (1) provide Farcus with notice of her injuries within 185 days of her accident and (2) bring any action against Farcus within one year after the date of the accident. Defendants also argue that Plaintiff has failed to plead (1) that Carnival and/or Farcus had actual or constructive notice of the alleged dangerous condition and (2) proximate causation. Last, Defendants argue there is no legal theory to support Plaintiff's claim that Carnival may be vicariously liable for Farcus' alleged negligent design of *Carnival Magic*, including the walkway where Plaintiff fell. We address each argument in turn.[1]

#### A. *It is Premature to Consider the Terms of the Cruise Ticket*

Apparently, a Carnival cruise ticket contract between Carnival and Plaintiff, which was not attached to the complaint but to Defendants' motion to dismiss, required Plaintiff to file suit within one year of the date of her accident. This ticket

---

[1] Defendants additionally argue that Plaintiff's claims should be dismissed as an impermissible shotgun pleading. We reject this argument because the complaint sufficiently articulates the allegations against Defendants in a way that allows Defendants to answer it. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.').

also required Plaintiff to provide notice of her injuries within 185 days of the accident. There is no question that Plaintiff satisfied these two requirements with respect to Carnival.  First, Plaintiff served Carnival with presuit notice of its intent to make a claim required by the ticket.  Second, on December 27, 2019, prior to the expiration of the one-year period, Carnival agreed to a 30-day extension to see if the case could be resolved.  On January 28, 2020, Carnival agreed to another extension, and the parties scheduled a mediation set for March 31, 2020.  Due to the Covid-19 pandemic, however, the parties jointly cancelled the mediation, and Carnival agreed to one more extension to June 12, 2020.  And on May 27, 2020, Plaintiff timely filed the complaint against Carnival.

With respect to Farcus, on February 14, 2020, Plaintiff, through other litigation involving her counsel and Carnival, became aware that Farcus was responsible for the interior design of the *Carnival Magic*.  Thus, Farcus did not receive presuit notice within 185 days of the accident and Farcus never directly approved an extension of the one-year period to bring a claim.[2]  But, the parties disagree (1) if the terms of the cruise ticket contract required Farcus to receive presuit notice and (2) if Carnival's approvals to extend the one-year period applied to Farcus.

---

[2]   Defendant suggests it would be unfair to consider these emails not referenced in the complaint but not the terms of the cruise ticket.  To be clear, that is not what we are doing or what Plaintiff is requesting.  Instead, we are reviewing both the emails and the terms of the cruise ticket to determine if they are central to Plaintiff's claims.  If they are, we would consider both in determining whether Plaintiff received an extension on the one-year period.  If they are not, we would not consider either in reaching the merits of this motion.

Before we can resolve these disagreements, we must first determine if the terms of the Carnival cruise ticket can be considered at the motion to dismiss stage.

A court's review at the motion to dismiss stage is generally limited to the four corners of the complaint with the only exception occurring when: (1) a plaintiff refers to a document in the complaint; (2) the document is central to its claim; (3) the document's contents are not in dispute; and (4) the defendant attached the document to its motion to dismiss. *See Holcomb v. Carnival Corp.*, 2020 WL 6018782, at *5 (S.D. Fla. Oct. 6, 2020) (finding no exception under prong one when the defendant attached a tour operating agreement to its motion to dismiss, but the complaint only mentioned a generic agreement between the parties) (citing *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)).

Here, the complaint references the ticket issued by Carnival three times, its contents are not in dispute, and Carnival attached it to its motion to dismiss. This leaves us with one question: is the ticket central to Plaintiff's claims? No; for the simple reason that Plaintiff's claims are based on theories of tort liability and not on a breach of the cruise ticket contract. *See Holcomb* 2020 WL 6018782, at *5 ("The exception is also inapplicable because the [contract] is not central to Plaintiff's claims. Instead, Plaintiff's complaint is based on theories of tort liability – meaning this "[contract]" is not so much essential to Plaintiff's allegations as it is to Carnival's defenses."); *see also Gentry v. Carnival Corp.*, 2011 WL 4737062, at *5 (S.D. Fla. Oct 5, 2011) ("[Plaintiff] does not assert any breach of contract claims against Carnival . . . she asserts claims based on tort theories. As such, the ticket contract is not

essential or integral to her claims . . . ."); *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, n. 7 (11th Cir. 2006) (confirming that the district court did not err when considering the terms of a benefits plan that was attached to the defendants motion to dismiss when the plaintiff's claims were based on a breach of fiduciary duties owed to the benefits plan).

Defendants attempt to differentiate the facts here from *Gentry* because the ticket contract at issue there was not specifically referenced in the complaint. However, this argument ignores the fact that the court in *Gentry*, and *Holcomb* for that matter, found the attached document not central to the plaintiffs' claims not solely because the plaintiff did not reference it in the complaint but also on the separate grounds the claims were based on tort and not contract. We also find Defendants' argument that the cruise ticket here was referenced to establish jurisdiction and venue unavailing. These are not central to Plaintiff's claims, and Defendants fail to cite to any case law that suggests otherwise.

Because an exception to look beyond the four corners of the complaint does not apply here, we do not consider Defendants' arguments that the claims against Farcus are time-barred by the cruise ticket. Put another way, the terms of the cruise ticket may preclude the claims against Farcus, but this discussion is premature. With that settled, we move to Defendants' arguments related to the merits of Plaintiff's central negligence claims.

### B. *Defendants had a Duty to Warn of the Dangerous Condition*

As in all actions arising from torts allegedly committed aboard vessels sailing in navigable waters, this suit is governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citations omitted). To state a claim of negligence under federal maritime law, a plaintiff must allege four elements: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1357 (S.D. Fla. 2016) (internal quotation marks and citation omitted).

A cruise line operator owes its passengers a duty of reasonable care under the circumstances. *Keefe*, 867 F.2d at 1332. To demonstrate a breach of this duty, a plaintiff must prove that: (1) a dangerous condition existed that caused the claimed injury; and (2) a defendant had actual or constructive notice of the dangerous condition. *Adams v. Carnival Corp.*, 2009 WL 4907547, at *3 (S.D. Fla. Sept. 29, 2009) (citing *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65-66 (11th Cir. 1988)); *see also Keefe*, 867 F.2d at 1322. The duty to warn only extends to dangers "which the carrier knows, or reasonably should have known" to exist. *Adams*, 2009 WL 4907547, at *3 (quoting *Wolf v. Celebrity Cruises Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017)). In other words, if a defendant does not have actual notice of a hazardous condition, it can assume a duty of reasonable care through constructive notice when a dangerous condition exists for an interval of time sufficient to allow for corrective

action. *See id.* (citing *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65-66 (11th Cir. 1988)). "Regardless of notice, however, there is no duty to warn of dangers that are open and obvious." *Plott v. NCL Am., LLC*, 786 F. App'x 199, 202 (11th Cir. 2019).

Defendants argue that Plaintiff has failed to allege that Carnival and/or Farcus had actual or constructive notice of any hazardous condition. For instance, Defendants assert that Plaintiff failed to allege that Carnival knew of the wet substance or "how the use of granite and/or polished marble flooring or an entrance with a slight slope increased the likelihood that passengers would slip and fall." According to Defendants, these allegations only establish that notice was imputed on Carnival for solely creating a dangerous condition, which the law does not recognize. This argument fails because it mischaracterizes the complaint.

Indeed, the complaint states "Carnival knew or should have known that the liquid [Plaintiff] stepped on was there for a sufficient period of time to place Carnival on notice that it posed a danger to passengers." [D.E. 1, ¶40]. And that Carnival "should have known that utilizing marble or polished granite as a flooring material in a heavily trafficked area with an unlevel floor adjacent to the entrance of a major nightclub constituted a hazardous condition . . . ." [D.E. 1, ¶41]. For Farcus, the complaint alleges that "Farcus [] knew or should have known that the use of granite and/or polished marble in the area adjacent to the Spotlight Lounge where [Plaintiff] fell created a hazard for passengers entering and leaving the Spotlight Lounge . . . ." [D.E. 1, ¶75]. Construing these allegations in the light most favorable to Plaintiff,

9

they satisfy the maritime negligence pleading requirement that Defendants had actual or constructive notice of a dangerous condition. Thus, they had a duty of reasonable care under the circumstances.

### C. *The Complaint Establishes Proximate Causation*

Defendants next argue that Plaintiff has pled proximate causation in a conclusory fashion. Specifically, Defendants point to the allegations in the complaint that state "[a]s a direct and proximate result of Carnival's negligence, [Plaintiff] suffered . . . significant injuries . . . . These injuries were foreseeable and a natural and probable consequence of Carnival's negligence." [D.E. 1, ¶ 3]. Defendants similar highlight Plaintiff's allegations against Farcus that uses identical language regarding proximate causation. [D.E. 1, ¶¶55, 63, 70, 77].

We are not limited to only reading these specific allegations in considering the element of proximate causation, however. To the contrary, we consider the all the facts pled in the complaint and may infer that Defendants' alleged actions proximately caused Plaintiff's injuries. *See Iqbal*, 556 U.S. at 678; *see also Marabella v. NCL, Ltd.*, 437 F. Supp. 3d 1221, 1229 (S.D. Fla. 2020) ("[A]t the motion to dismiss stage, it is enough if one can reasonably infer actual and proximate causation for Plaintiff's injuries from Defendant's alleged negligence."). Taking Plaintiff's allegations as true at this stage, the Court finds that Plaintiff has adequately pled proximate causation.

Plaintiff alleges that she slipped on a web substance while walking to the Spotlight Lounge. The walkway she fell on was heavily trafficked with guests

carrying drinks, extremely slippery, and had a slight incline. She alleges that marble and polished granite surfaces are considered highly slippery and that the walkway was made of marble or a polished granite. She further alleges that each Defendant knew or should have known that the marble or polished granite material on unlevel flooring adjacent to a bar/restaurant created a hazardous condition. These facts coupled with the allegations that Defendants proximately caused her injuries satisfies the pleading requirements of proximate causation. To the point, the complaint sets forth a plausible basis to infer that if Defendants provided Plaintiff with notice of the dangerous condition or corrected it, these actions would have prevented Plaintiff's injuries. *See Marabella*, 437 F. Supp. at 1229 (denying motion to dismiss regarding proximate causation being pled in a conclusory fashion under similar circumstances and rejecting the defendant's arguments under *Rinker v. Carnival*, 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010)).

Because Plaintiff has properly pled her negligence claims against Defendants, Defendants' motion to dismiss Counts I, III, IV, and V should be **DENIED**.

### D. *There is Not a Claim for Vicarious Liability for Negligent Design*

Last, Defendants argue that Plaintiff's vicarious liability claim against Carnival should be dismissed because Carnival did not participate in the design or construction of the *Carnival Magic*, and the law does not recognize imposing vicarious liability on a cruise operator for negligent design by another party. Under federal maritime law, Carnival can be vicariously liable for certain actions of its apparent agents. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d

11

1308, 1318 (citing *Archer v. Trans/Am. Servs. Ltd.*, 834 F.2d 1570, 1573 (11th Cir. 1988)). Apparent agency is established when: 1) the alleged principal causes, through some manifestation, a third party to believe an alleged agent has authority to act for the benefit of the principal; 2) such belief is reasonable; and 3) the third party reasonably acts on such believe to her detriment. *See Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1336 (S.D. Fla. 2019), *report and recommendation adopted*, 2019 WL 2254962 (S.D. Fla. Mar. 21, 2019) (citing *Smolnikar*, 787 F. Supp. 2d at 1318).

Plaintiff, however, fails to cite to any case law where vicarious liability has been applied against a cruise line operator for the negligent design by its apparent or actual agents. Instead, the cases cited by Plaintiff only involve negligent design claims against the cruise line operator directly. *See Thomas v. NCL (Bahamas), Ltd.*, 203 F. Supp. 3d 1189, 1194 (S.D. Fla. 2016) (granting cruise ship operator's motion for summary judgment on a negligent design claim because there was no evidence that the cruise ship operator installed, manufactured, or designed the deck where the plaintiff fell); *Mendel v. Royal Caribbean Cruises, Ltd.*, 2012 WL 2367853, at *3 (S.D. Fla. June 21, 2012) ("It is the law of this Circuit that a plaintiff who presents no evidence that the defendant actually created, participated in, or approved the design cannot prevail on a negligence claim to the extent that the claim is premised on a theory of negligent design."). Because Plaintiff inaccurately claims the law supports her vicarious liability claim against Carnival, and she does not articulate why we

12

should create such a theory of liability, Defendants' motion to dismiss Count II should be **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, we **RECOMMEND** that Defendants' motion to dismiss Count II should be **GRANTED** and Defendants' motion to dismiss Counts I, III, IV, and V[3] should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Kathleen M. Williams.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3] For clarity, the Court considers Count V to be the negligence claim against Joseph Farcus Designs, Inc.  Plaintiff mistakenly labels its fifth count as "Count IV" in the complaint.  [D.E., p. 15].